UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT BRYAN COY,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA DEPARTMENT OF VETERANS AFFAIRS, METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A., AMERIGROUP MORTGAGE CORP., A DIVISION OF MORTGAGE INVESTORS CORP., and FREEDOM MORTGAGE CORP.,<br><br>　　　　　　　　Defendants. | Case No. 1:18-cv-00524-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a Motion to Dismiss filed by the Defendant United States of America, Department of Veterans' Affairs. (Dkt. 6.) No response has been filed and the time for doing so has passed. The matter is ripe for the Court's consideration. Having fully

reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. In the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion is decided on the record. For the reasons stated herein, the Court grants the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2018, Plaintiff Robert Coy filed the Complaint in this matter raising claims for declaratory relief, wrongful foreclosure, quiet title, accounting, and refund fees & costs. (Dkt. 1.) The claims relate to the Department of Veterans Affairs' ("VA") non-judicial foreclosure and state eviction proceedings regarding certain real property located at 9941 West Granger Avenue, Boise, Idaho 83704 ("Granger Property"). The other Defendants named in this case are the mortgage companies who loaned funds or refinanced the loan relating to the Granger Property. The VA prevailed in the state court case to remove Mr. Coy from the property. (Dkt. 9, Ex. A.)

In this case, Mr. Coy alleges he has superior priority title to the Granger Property based on a January 23, 1889 Land Patent issued by President William McKinley to Lizzie J. Fitzpatrick. (Dkt. 1, Ex. 1.) Mr. Coy claims his title interest as a successor to Ms. Fitzpatrick is superior to any other claim and that the VA and remaining lender Defendants infringed upon his property rights, breached the contractual and fiduciary duties they owed to Plaintiff, and wrongfully foreclosed on the property. (Dkt. 1.) Mr. Coy further claims the

VA's state court ejectment action "ignored" the Land Patent and that the VA has taken no action to extinguish his "top priority and pre-emptive title interest in the Property created by said Land Patent" nor could the VA do so because it lacks standing and privity. (Dkt. 1.) The VA's eviction proceedings, Mr. Coy argues, violated his constitutional rights and the covenant of good faith and fair dealing. Further, Mr. Coy alleges the other named Defendants are lending institutions who defrauded him and breached the covenant of good faith and fair dealing by failing to disclose/obscured facts relating to his superior title resulting in the wrongful foreclosure.

On February 15, 2019, the VA filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) and (6). (Dkt. 6.) Plaintiff did not file a response to the Motion and the time for doing so has passed. (Dkt. 7, 8.) The Court finds as follows.

## STANDARDS OF LAW

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move for dismissal due to insufficient service of process. Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service of process, the plaintiff has the initial burden of establishing the validity of service of process under Rule 4. *See, e.g., Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If plaintiff makes such a showing, defendant must present evidence to establish the absence of valid service. *See Ritchie Bros. Auctioneers (America) Inc. v. Suid*, Case No. C17-1481-MAT, 2018 WL 72166, at *10 (W.D. Wash. Feb. 6, 2018). The plaintiff must then present countering evidence to show proper service or create an issue of fact

necessitating an evidentiary hearing. *Id.* "When considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citation omitted).

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50; *see also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

## DISCUSSION

**1.     Motion to Dismiss the Claims Against the Department of Veterans Affairs**

The VA seeks dismissal of Mr. Coy's claims against it based on insufficient service of process and because the claims have been fully litigated and finally resolved by the state court and, therefore, are barred by *res judicata*. The VA asserts the claims are also precluded by sovereign immunity and as a matter of law. (Dkt. 6.) Because res judicata fully resolves the Motion, the Court need only address that argument.

Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised" or could have been raised in a prior action. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). In other words, the "doctrine of res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered a final judgment on the merits of the claim in a previous action involving the same parties or their privies." *Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525, 528 (9th Cir. 1998). Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011); *see also Farmers Nat'l Bank v. Shirley*, 878 P.2d 762, 767 (Idaho 1994). The purpose of the doctrine is to "relieve parties of the cost and vexation of

multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Marin v. Hew, Health Care Financing Agency*, 769 F.2d 590, 594 (9th Cir. 1985) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

The second and third steps for *res judicata* are met here. The prior state court action was a final judgment on the merits of the claims and was between the same parties to the Motion to Dismiss in this case - the VA and Mr. Coy. (Dkt. 9, Ex. A.) Thus, only the first step, whether there is an identity of the claims between the two cases, is in question.

"Identity of claims exists when two suits arise from 'the same transactional nucleus of facts.' Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe–Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (citation omitted) (some internal quotation marks omitted). This case and the prior state court action both arise from "the same transactional nucleus of facts."

The state case involved the VA's complaint against Mr. Coy for restitution of real property relating to the non-judicial foreclosure and eviction of Mr. Coy from the Granger Property. (Dkt. 9, Ex. A.) Mr. Coy raised several affirmative defenses and a counterclaim asserting he had "superior title under a Land Patent" issued on January 23, 1899 by President William McKinley. (Dkt. 9, Ex. A.)[1] The VA prevailed and obtained judgment

---

[1] The Court notes that Mr. Coy's central claim to superior title based on the 1899 Land Patent has been rejected by other courts. *See Barbieri v. Aurora Loan Services*, No. C 10-4044 RS, 2011 WL

and order of eviction.

In this case, the parties' positions have reversed, but the claims arise out of the same transactional nucleus of facts – the dispute over the foreclosure, eviction, and title to the Granger Property. In fact, Mr. Coy's counterclaim in the state court action raised the same allegation regarding the 1899 Land Patent. There is, therefore, an identity of claims because Mr. Coy raised his claims and/or could have brought his current claims in the prior state court action.

Because there is an identity of claims, privity of the parties, and a final adjudication on the merits, the Court finds Mr. Coy's claims against the VA in this action are barred by res judicata. The Motion to Dismiss is granted.

Additionally, Plaintiff has not responded to the Motion to Dismiss as required under the Local Civil Rules. *See* Dist. Local Civ. R. 7.1(c)(1) (A party responding to a motion "must serve and file a response brief, not to exceed twenty (20) pages, within twenty-one (21) days after service upon the party of the memorandum of points and authorities of the moving party."). Such a failure to respond "may be deemed a waiver by the moving party of the…motion" and "may be deemed to constitute a consent to…the granting of said motion or other application." *See* Dist. Local Civ. R. 7.1(e). Pro se litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

---

13277763, at *2 (N.D. Cal. July 1, 2011); *Flores v. Wells Fargo Bank, N.A.*, No. 12-c-1191, 2013 WL 1192767 (E.D. Wis. March 22, 2013).

ORDER - 7

1987). As such, Plaintiff's failure to respond to the Motion to Dismiss is deemed to constitute his consent to the granting of the motion and/or his waiver to the same. For all of these reasons, the Court grants the VA's Motion to Dismiss. The claims against the VA are dismissed.

Because this matter involves multiple claims against multiple parties, and because the circumstances of this case constitute "no just reason for delay" within the meaning of Fed. R. Civ. P. 54(b), the Court will enter final judgment as to all claims against the VA.

**2.   Remaining Defendants**

Three other Defendants are named in this action but none have appeared. (Dkt. 1.) On December 7, 2018, the Court entered a Litigation Order directing Plaintiff to serve the same on all parties who had not entered an appearance. (Dkt. 2.) Plaintiff was further directed to file a status report regarding service of the summons and complaint within thirty days of the filing of the Complaint or, alternatively, to file proofs of service. (Dkt. 2.) The Complaint was filed on November 21, 2018 and the Summons were issued on January 7, 2019. (Dkt. 3, 4.) Plaintiff has not filed either a status report or proof of service as he was directed to do. In addition, no party has filed a litigation or discovery plan. (Dkt. 2.)

Aside from the Motion to Dismiss addressed above, the only other filing in this matter by a party was made on February 5, 2019 when Plaintiff filed a Notice of Lis Pendens and Notice of Recording of Lis Pendens. (Dkt. 5.) Attached to that filing is a certificate of service stating the Notice was mailed on February 6, 2019 to Benjamin J.

Mann, Richard A. Cummings, Metlife Home Loans, Amerigroup Mortgage Corp., and Freedom Mortgage Corp. (Dkt. 5.) Again, however, Plaintiff has not served the Defendants with the Complaint or Summons.

Federal Rule of Civil Procedure 4(m) provides that, unless the time for service is extended by the Court for good cause, where "a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

No extension of the time for service has been granted and more than 90 days have passed since the Complaint was filed. The Court's Litigation Order has already directed Plaintiff to serve the Defendants but no service has been made. (Dkt. 2.) Accordingly, the Court hereby notifies Plaintiff that this action will be dismissed without prejudice pursuant Rule 4(m) on **May 30, 2019** for Lack of Service/Prosecution unless Plaintiff shows good cause prior to that date as to why the case should not be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Dismiss (Dkt. 6) is **GRANTED**. This action is **DISMISSED WITH PREJUDICE** as to the claims made against the United States Department of Veterans Affairs. The Court will enter a separate Judgment as to those claims.

**ORDER - 9**

IT IS FURTHER ORDERED that Plaintiff is **HEREBY NOTIFIED** that this action will be Dismissed Without Prejudice as to the remaining Defendants on **May 30, 2019** for Lack of Service/Prosecution unless Plaintiff shows good cause prior to that date as to why the claims against the remaining Defendants should not be dismissed.

DATED: May 16, 2019

_____
Honorable Edward J. Lodge
U.S. District Judge